UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00955-JLS (JEMx)                              Date:  September 9, 2015
Title:  Philip Alvarez v. Mindspeed Technologies, Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 11)**

Before the Court is Plaintiff Philip Alvarez's Motion to Remand.  (Mot., Doc. 11.) Defendant Mindspeed Technologies, Inc. filed an Opposition.  (Opp'n, Doc. 19.) Alvarez has not replied.[1]  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing on the Motion, set for September 11, 2015, at 2:30 p.m., is VACATED.  Having reviewed the briefing, and for the reasons stated below, the Court DENIES Alvarez's Motion.

**I.   Background**

On March 10, 2015, Alvarez filed this action in Orange County Superior Court against Mindspeed.  (Notice of Removal, Compl., Doc. 1-1.)  On April 24, 2015, Alvarez filed a First Amended Complaint ("FAC"), adding M/A-COM Technology Solutions Inc. ("Macom") as a named Defendant.  (Notice of Removal, FAC, Doc. 1-7.)

According to the FAC, Alvarez and members of the putative class were Mindspeed employees who designed and manufactured Mindspeed's computer hardware systems.  (Id. ¶¶ 3, 8.)  The FAC asserts claims for (1) failure to pay overtime compensation in violation of Cal. Lab. Code §§ 1194, 510; (2) failure to allow and pay

---

[1] Plaintiff filed the Motion on July 15, 2014, noticing the hearing for September 11, 2015.  In accordance with the Local Rules, Plaintiff's reply was due on August 28, 2015.  *See* C.D. Cal. L.R. 7-10 (allowing a reply brief to be filed no later than fourteen days before the hearing).

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00955-JLS (JEMx)                                Date:  September 9, 2015

Title:  Philip Alvarez v. Mindspeed Technologies, Inc. et al.

for meal and rest breaks in violation of Cal. Lab. Code §§ 226.7, 512; (3) failure to pay compensation at the time of termination in violation of Cal. Lab. Code §§ 201-203; (4) failure to provide accurate wage statements in violation of Cal. Lab. Code § 226; (5) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.; and (6) violation of the Private Attorneys General Act, Cal. Lab. Code § 2699.  (Id. ¶¶ 25-64).

On June 15, 2015, Mindspeed removed the action to this Court on the basis of diversity jurisdiction.  (Notice of Removal ¶¶ 8-14, Doc. 1.)  Alvarez filed the present Motion on July 15, 2015, arguing that the action should be remanded to Orange County Superior Court based on a lack of diversity jurisdiction.  (Mot. at 1.)

### II. Legal Standard

When reviewing a notice of removal, "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  In determining the citizenship of a corporation for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The party asserting diversity jurisdiction must prove its citizenship by a preponderance of the evidence.  *See Gaus*, 980 F.2d at 567 ("where [the jurisdictional facts] are not . . . challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00955-JLS (JEMx)            Date: September 9, 2015

Title: Philip Alvarez v. Mindspeed Technologies, Inc. et al.

may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence" (emphasis omitted)).

Courts must apply the "nerve center test" to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). This test directs courts to look to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id.* at 80. Typically, this is "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *Id.* at 93.

### III. Discussion

It is undisputed that Alvarez is a resident of California and that Mindspeed is a Delaware corporation. (*See* FAC ¶ 6; Notice of Removal ¶ 10; Mot. at 1; Opp'n at 1.) Mindspeed asserts that its principal place of business is Lowell, Massachusetts. (*See* Notice of Removal ¶ 12.) Alvarez, on the other hand, argues that Mindspeed's principal place of business is Newport Beach, California. (Mot. at 1.) Thus, according to Alvarez, Mindspeed has failed to satisfy the requirement of complete diversity and this case must be remanded. (Id.)

"The general rule . . . is that in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, and not its parent." *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (internal quotation marks and citation omitted). Mindspeed has submitted evidence showing that, on December 18, 2013, Mindspeed became a wholly owned subsidiary of Macom. (Opp'n at 3, Ex. A at 2, Doc. 19-1.) Mindspeed also has provided the Court with evidence showing that, following this merger, Mindspeed's high level officers were removed and replaced with a new President and CEO, a new Senior Vice President and CFO, a new Senior Director, Finance, and Treasurer, and a new Vice President, General Counsel and Secretary. (Opp'n, Ex. B. at 1, Doc. 19-1, Ex. C at 1-2, Doc. 19-1.) The evidence submitted by Mindspeed further shows that these new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-00955-JLS (JEMx)            Date:  September 9, 2015

Title:  Philip Alvarez v. Mindspeed Technologies, Inc. et al.

appointees maintain their offices and work in Lowell, Massachusetts.  (Opp'n, Decl. of Clay Simpson ¶¶ 7-8, Doc. 19-1.)

In addition, Mindspeed has submitted the Amended Annual Report, which was filed with the Oregon Secretary of State on March 4, 2015, just prior to the commencement of this action.  (Opp'n, Ex. D at 1, Doc. 19-1.)  The Amended Annual Report lists Mindspeed's primary place of business as Lowell, Massachusetts.  (Id.)  Finally, and in further support of Mindspeed's claim that its principal place of business is in Massachusetts, Mindspeed has submitted a License Agreement dated March 16, 2015, which also lists Mindspeed's principal place of business as Lowell, Massachusetts.  (Opp'n, Ex. E at 1, Doc. 19-1.)

Alvarez has submitted to the Court several documents that he claims show that Mindspeed's principal place of business is Newport Beach, California.  (*See* Mot. Exs. 1-9, Doc. 11-1.)  However, these documents either predate Mindspeed's merger with Macom and the filing of Alvarez's Complaint, (s*ee, e.g.,* Exs. 2, 3, Doc. 11-1), or come from unreliable third party websites with user-generated content.  (*See, e.g.*, Exs. 5-9 (a google search page, a google finance page, a user's review, a Bing search page, and a Wikipedia article).)  On the other hand, Mindspeed's evidence is comprised of official government filings and company contracts.  In fact, two of the documents that Alvarez has submitted actually support Mindspeed's contention that Mindspeed's principal place of business is Lowell, Massachusetts.  (*See* Mot. Exs. 1, 4, Doc. 11-1 (listing an address for Mindpseed in Lowell, Massachusetts).)  Thus, Alvarez has failed to submit any evidence that would suggest that Mindpseed's principal place of business was in Newport Beach, California, at the time Alvarez filed his Complaint.

In light of all of the evidence submitted by the parties, the Court finds that Mindspeed has met its burden of establishing by a preponderance of the evidence that Mindspeed's principal place of business is Lowell, Massachusetts.  Accordingly, the Court finds that Mindspeed has met its burden of establishing diversity jurisdiction, and thus Mindspeed's removal was proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-00955-JLS (JEMx)          Date: September 9, 2015

Title: Philip Alvarez v. Mindspeed Technologies, Inc. et al.

### IV. Conclusion

For the reasons stated above, the Court DENIES Alvarez's Motion to Remand.

Initials of Preparer: tg