UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP ALVAREZ<br><br>              Plaintiff,<br>  vs.<br><br>MINDSPEED TECHNOLOGIES, INC., and DOES 1-100,<br><br>              Defendants. | **CASE NO. 8:15-CV-00955-JLS-JEM**<br><br>STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL<br><br>Judge: Hon. Josephine L. Staton |

The Court, having considered the proposed stipulated protective order ("Stipulated Protective Order") submitted by the parties, does hereby enter the following order with respect to materials designated by any party as Confidential Materials (defined below) in this Action ("Action" is defined as the putative class action styled *Alvarez, et al. v. Mindspeed Technologies, Inc., et al.*, Civil Action No. 8:15-cv-00955-JLS-JEM):

The Action is a putative class action concerning allegations by Plaintiff Philip Alvarez that Defendants Mindspeed Technologies, Inc. and M/A-COM Technology Solutions Inc. (a) failed to pay overtime wages based on a misclassification of employees

1

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL

as exempt from overtime (California Labor Code section 1194, 510, and the orders and standards promulgated by the California Division of Labor Standards Enforcement and the Industrial Welfare Commission, including Wage Order 4-2001 [8 C.C.R. section 11040], section 3; (b) failed to permit or pay for meal and rest breaks (Labor Code sections 226.7, 512, Wage Order 4-2001, sections 11 and 12); (c) failed to pay compensation due upon termination of employment ("waiting time penalties," Labor Code sections 201-203); (d) failed to provide proper wage statements (Labor Code section 226); (e) violated California Bus. & Prof. Code section 17200, *et seq.*; and (f) violated California's Private Attorney General's Act ("PAGA").

The parties anticipate that discovery in this Action will include non-public documents and information that is confidential, proprietary, and/or subject to the privacy rights of the parties and third persons. The types of documents may include, but are not limited to, employee files, payroll records, personnel data, and confidential and proprietary business documents.

Given the nature of the allegations, good cause exists for this Stipulated Protective Order concerning the dissemination and use of Confidential Material (defined below). This order is necessary to protect confidential information in the parties' possession and control and at the same time, to permit them access and use of such information. The privacy rights of employees and business interests in protecting competitively proprietary and sensitive information outweigh the needs of the public in having access to this material. The parties as well as third persons may be irreparably harmed if the Confidential Material, as defined below, is publicly disseminated.

**I.   DEFINITIONS**

The following definitions shall apply in the construction and application of this Stipulation and Protective Order.

A.   The phrase "Confidential Material" means any documents or information produced in connection with discovery in this Action that are designated as

CONFIDENTIAL, which may include: (1) documents produced pursuant to requests under the Federal Rules of Civil Procedure ; (2) documents produced pursuant to a subpoena *duces tecum*; (3) documents produced voluntarily or in response to informal requests; (4) responses to interrogatories; (5) responses to documents requests; (6) responses to requests for admission; (7) deposition testimony; and (8) any information contained within any documents produced in this Action.  The types of materials that may be designated as CONFIDENTIAL include all information and documents produced by parties that fall within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) trade secrets or any other non-public information of a proprietary, strategic, commercially valuable, or competitively sensitive nature; (c) income tax returns, W-2 and 1099 forms; (d) personnel or employment records of past, present, or prospective employees, , including but not limited to:  (1) compensation and benefit information; (2) work histories and performance evaluations/ratings; (3) medical and health-related information; (4) information about complaints of discrimination, retaliation, or harassment; (5) information regarding disciplinary action, including terminations, and, (6) personal information, including home addresses, email addresses, dates of birth, telephone numbers, and social security numbers.

B.  The term "RDM" refers to Confidential Materials that are further designated as "Restricted Disclosure Materials," which documents shall be stamped or otherwise designated "RDM" or "Restricted Disclosure Materials."

C.   The term "Designating Party" in relation to a particular Confidential Material refers to the party that designated the material as CONFIDENTIAL or RDM.

D.   The term "Non-Party" means any person or entity other than the named parties in this Action, their respective counsel, any attorney, paralegal, stenographic, clerical or secretarial personnel employed by counsel for the parties, or any person employed by counsel for the parties to assist such counsel in this Action, such as experts

or consultants. If this Action is subsequently amended to add another plaintiff or plaintiffs, this Stipulation shall likewise apply with full force and effect to such other plaintiff or plaintiffs if they are represented by any of the counsel who are currently representing the plaintiff.

E. The term "Disclosure" or any version thereof means to show, give, make available or communicate in any fashion any Confidential Material, information concerning the existence or content of Confidential Material, or any portion, version or summary of any Confidential Material.

F. For documents, counsel for the Parties may designate documents as CONFIDENTIAL by writing, typing, or stamping the word "CONFIDENTIAL" on the document. For testimony, counsel for the Parties may designate the information as CONFIDENTIAL by stating on the record that such testimony is CONFIDENTIAL. The inadvertent or unintentional production of documents containing, or other disclosure of Confidential Materials without being designated as "CONFIDENTIAL," at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of the claim of confidentiality. Documents unintentionally produced without the requisite designation or testimony may be retroactively so designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the Parties.

**II.    DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

A. During this litigation, any party may seek to have discovery material classified as "CONFIDENTIAL" if the Designating Party in good faith believes that the material contains protected non-public confidential information under federal or state law. The Designating Party will mark each page "CONFIDENTIAL" of any document designated as such. The designation will avoid obscuring or defacing the discovery material. All copies of such documents will also be considered Confidential Material. If marking as confidential each page of a document or group of documents would cause undue burden, the Designating Party may designate as Confidential Material a range of

documents or pages, provided such range is specified in writing.  Testimony based on Confidential Material will be identified by either a statement on the record or marking as confidential documents containing such testimony.

    B.  During this litigation, any party may seek to have Confidential Material classified further as RDM, if the Designating Party in good faith believes that the material is such that, if disclosed, would likely be, based upon existing and real facts known to the Designating Party, exploited for commercial advantage by a competitor, supplier, customer.  RDM is limited to the most sensitive trade secret and confidential research, development, financial, or commercial information.  The Designating Party shall mark each page RDM of any document designated as RDM.  The designation shall not obscure or deface the discovery material.  All copies of such documents will also be considered RDM.  If marking as RDM each page of a document or group of documents would cause undue burden, the Designating Party may designate as RDM a range of documents or pages, provided such range is specified in writing.  Testimony based on RDM will be identified by either a statement on the record or marking as confidential documents containing such testimony.

    C.    If any party inadvertently fails to designate discovery material as Confidential Material and/or RDM, but thereafter determines that such material should have been so designated, it promptly will provide written notice of the Confidential Material and/or RDM designation and to the extent practicable the discovery material will be treated as Confidential Material and/or RDM from the date notice is received. The inadvertent or unintentional production of documents containing, or other disclosure of Confidential Material and/or RDM without being designated as such at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of the claim of confidentiality.

D. If a party designates material Confidential Material and/or RDM, and later determines it should not have been so designated, it will promptly provide written notice of the removal of the designation along with a copy of the discovery material without the confidential marking.

E. All Confidential Material and/or RDM and any portion thereof, including copies thereof, and any information derived therefrom, will be deemed confidential and will used solely for this litigation.

F. No Confidential Material, including copies, and any information derived therefrom will be disclosed in any way to anyone other than: (a) the Court and Court personnel; (b) counsel of record; (c) stenographic reporters; (d) the named parties; (e) current or former officers, directors, or employees of the parties who are needed to assist counsel; and the following individuals, provided they agree to be bound by the terms of this Stipulated Protective Order by signing the form attached as Exhibit A (discussed below in section II); (f) any retained expert witness or consultant retained regarding this action; (g) fact witnesses and potential witnesses at, and in preparation for, deposition, trial, or hearing in this action, or who otherwise require the information to assist counsel in this action; and (h) outside vendors who perform photocopying, data entry, or similar clerical functions. Confidential Material may not be disclosed to any other person or entity without the prior written consent of the Designating Party or order of the Court. RDM is subject to the same disclosure limitations as Confidential Materials, except that RDM shall not be disclosed to categories (d), (e) and (g) above (the named parties; current or former officers, directors, or employees of the parties who are needed to assist counsel; or fact witnesses and potential witnesses at, and in preparation for, deposition, trial, or hearing in this action, or who otherwise require the information to assist counsel in this action), without the written consent of the Designating Party, or upon court order.

G. Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action, and for no other purpose. Confidential Material and/or RDM may not be used in any other legal action, unless the Designating Party certifies in writing that such a use is permitted. However, nothing will preclude a recipient party from using testimony obtained in this action for impeachment purposes in other litigation.

H. The Designating Party shall take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

## III. CONDITIONS OF DISCLOSURE

A. As set forth in paragraph II.D. above, before disclosing Confidential Material to the persons qualified to receive it, counsel for the requesting party will secure from each such person the signed Exhibit A, which provides that he or she (i) has read this Stipulated Protective Order, (ii) will not divulge any Confidential Material except in the preparation, trial, or appeal of this action and in accordance with the terms and conditions of the Stipulated Protective Order, and (iii) will not use the material for any other purpose.

B. Confidential Material will be copied only by the parties' counsel in this action or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Stipulated Protective Order. Control and distribution of Confidential Material will be the responsibility of counsel, who will maintain a list of all persons to whom Confidential Material has been disclosed and the written form executed by such

persons. For good cause shown, a Designating Party may request an order directing a party to disclose to the Court *in camera* all persons to whom Confidential Material has been disclosed as well as the written assurances executed by such persons.

C. The restrictions set forth in this Stipulated Protective Order will not apply to information that was, is, or becomes public knowledge through its authorized release and not in violation of this Stipulated Protective Order. Whether other information that becomes public record may remain subject to protection as confidential will be determined based upon the standards and procedures set forth herein.

D. If material is produced by a third party (i.e., by subpoena) that any party to this Stipulated Protective Order believes to be confidential, it may designate the material as Confidential Material and/or RDM as may be appropriate, and provide the marked copy to the other parties. The other parties will then either (i) agree to treat the material as confidential pursuant to the terms of this Stipulated Protective Order, or (ii) inform the Designating Party that they do not agree that the material should be governed by the terms, but nevertheless treat the material as confidential hereunder until the dispute is resolved by the Court under the provisions of Section VI below.

**IV. PROTECTING CONFIDENTIAL INFORMATION AT DEPOSITIONS**

A. During a deposition, any party may request any person present to sign the attached Exhibit A.

B. To designate information as Confidential Material and/or RDM in testimony, the Designating Party will (i) make an oral statement to that effect on the record, or (ii) notify the recipients in writing at any time up to 20 days after receipt of the transcript.

C. If any Confidential Material and/or RDM Material is marked as an exhibit in a deposition and its contents are disclosed in the course of the testimony at such proceeding, counsel will (i) advise the reporter that the marked exhibit refers to as Confidential Material and/or RDM Material or (ii) notify the recipients in writing after receipt of the transcript. In either instance, the exhibit and related portions of the

transcript containing such disclosure, will be marked as Confidential Material and/or RDM, as appropriate, and will be deemed as Confidential Material and/or RDM. The reporter will not furnish copies thereof to anyone other than counsel of record for the parties and, if requested by counsel, the witness and the witness' counsel.

## V. USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS

The parties agree that neither party is required to file pleadings and other documents submitted to the Court under seal, except that Confidential Material and/or RDM will be filed or submitted to the Court under seal as set forth in Local Rule 79, unless the parties agree in writing in advance that sealing is unnecessary.

## VI. CHALLENGING A CONFIDENTIAL DESIGNATION

If a party disputes the designation of discovery material as Confidential Material and/or RDM, it will notify the Designating Party by electronic mail of such dispute. The notice will identify the disputed material and explain the basis for the objection. The Designating Party will have 10 days to provide a written response by electronic mail to the notice, explaining its reason for designating the material at issue as confidential. Should the objecting party dispute such reasons, it will notify the Designating Party in writing and, with respect to Confidential Material, the objecting party may seek relief from the Court within 20 days after such notice. With respect to RDM, the Designating Party may seek relief and/or a protective order within 20 days of such notice, and if such relief is not timely sought, the material will be treated as Confidential Material, but not RDM. During the dispute resolution procedure in this paragraph, with respect to both Confidential Material and RDM, the Designating Party will have the burden of showing that the material is properly designated as confidential. In the event of a dispute, the parties will continue to treat the disputed discovery material as confidential until the dispute is resolved.

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY MATERIAL

## VII. NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party seeking production or disclosure of Confidential Material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to counsel for the Designating Party, and will enclose a copy of the subpoena. The subpoenaed party will not produce or disclose any of the Confidential Material for a period of seven business days after providing such notice to the other party. If, within this seven business day period, Court relief is sought objecting to or seeking to quash or modify the subpoena, the subpoenaed party will wait for resolution, unless the Court orders otherwise. Nothing in this paragraph is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

## VIII. NO RESTRICTIONS

Nothing in this Stipulated Protective Order will (i) restrict any party with regard to discovery material not designated as Confidential Material and/or RDM; or (ii) prejudice any party's right to seek more or less protection than provided herein.

Nothing in this Stipulated Protective Order should be deemed a waiver of the attorney-client, work product, or any other privilege or affect the admissibility of any Confidential Material. Requests for confidentiality or sealing of any hearing or trial will be made to the presiding judge.

## IX. RETURN OF CONFIDENTIAL MATERIALS

Within 60 days after the conclusion of this action, including any appeals, all materials designated as Confidential Material and/or RDM, and copies thereof, will be returned to the Designating Party. This provision will not apply to court filings or copies of pleadings, briefs, or correspondence maintained by counsel in the ordinary course of business. Rather than returning Confidential Material and/or RDM, the parties can agree that it will be destroyed, with appropriate verification of destruction.

**X. BINDING EFFECT**

This Stipulated Protective Order will remain in full effect at all times during which any party to this Stipulated Protective Order or any person having executed the attached Exhibit A retains in his, her, or its possession, custody, or control any Confidential Material and/or RDM.

**XI. ADDITIONAL PARTIES TO LAWSUIT**

If other parties are added to this action, no Confidential and/or RDM Material will be disclosed to such other parties except upon their written agreement to be bound by the provisions of this Stipulated Protective Order.

**XII. ADDITIONAL RIGHTS**

This Stipulated Protective Order is without prejudice to the right of any party to seek, pursuant to Fed. R. Civ. P. 26(c), an order for protection in relation to any Confidential Material and/or RDM, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is expressly reserved. The parties also reserve the right to request the Court to allow disclosure other than provided hereunder of materials subject to this Stipulated Protective Order.

IT IS SO ORDERED.

BY THE COURT:

_John E. McDermott_
John E. McDermott
United States Magistrate Judge